IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| CHARLESTON NELSON, II | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 4:21-cv-01192-LPR-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Charleston Nelson ("Plaintiff") has appealed the final decision of the Commissioner of the Social Security Administration ("SSA") to deny his claim for a period of disability, disability insurance benefits, and supplemental security income.  The Administrative Law Judge ("ALJ") concluded he had not been under a disability within the meaning of the Social Security Act because he could perform other jobs that exist in significant numbers in the national economy despite his impairments.  (Tr. 11-19.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is relatively young - forty-one years old. (Tr. 28.) He testified he earned a high school diploma and has an associate degree in automotive electronic technology. (Tr. 28.) Plaintiff has past relevant work in the automotive industry as a mechanic, technician, and painter. (Tr. 29-30).

The ALJ[1] found Mr. Nelson had not engaged in substantial gainful activity since August

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or

31, 2018, the alleged onset date. (Tr. 13.) The ALJ determined Mr. Nelson's gastritis or duodenitis and loss of voice were "severe" impairments.[2] (*Id*.) The ALJ further determined Mr. Nelson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (Tr. 14.)

The ALJ next determined Mr. Nelson had the residual functional capacity ("RFC") to perform a full range of light work given his physical impairments. (Tr. 14.) Considering the RFC finding, the ALJ concluded that Mr. Nelson was incapable of performing any of his past relevant work. (Tr. 17.) Based in part upon the testimony of the vocational expert, coupled with factors such as Mr. Nelson's age, education, and past relevant work, the ALJ determined Mr. Nelson could perform the job of belt repairer and parts inspector. (Tr. 17-18.) Accordingly, the ALJ concluded Mr. Nelson was not disabled. (Tr. 18.)

The Appeals Council received and considered additional evidence, then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Nelson says the ALJ erred in his RFC assessment, improperly rejected his subjective symptoms, and failed to articulate the basis of the RFC. (Doc. No. 12 at 4.) For the following reasons, I find no merit to Plaintiff's arguments.

Plaintiff contends that the ALJ reached an erroneous RFC because he relied on an

---

combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] The ALJ classified Mr. Nelson's lower back pain as a "non-severe" impairment and his arrythmia as a "non-medically determinable" impairment. (Tr. 14.)

[3] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

incomplete record. Plaintiff argues the record was incomplete due to: (1) his lack of representation at the hearing; (2) the ALJ's failure to elicit certain testimony from him at the hearing; (3) the ALJ's failure to develop the record; and (4) the ALJ's failure to order medical opinion evidence. (Doc. No. 12 at 4-10.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. Accordingly, given my limited review under the law and my careful assessment of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find the ALJ's RFC determination is supported by substantial evidence.

Plaintiff believes the record was incomplete because he was not represented at the hearing. (Doc. No. 12 at 4.) The Social Security Act permits individuals to "designate a person to represent" them during the hearing before the ALJ. 20 C.F.R. § 404.938(b)(2). Only if the court finds unfairness or prejudice will the case be remanded. *Phelan v. Bowen*, 846 F.2d 478, 481 (8th Cir. 1987). Lack of representation, alone, does not necessitate a finding that the hearing was unfair. *Id*. The United States Court of Appeals for the Eighth Circuit has determined that "a notice…which clearly explains a claimant's right to counsel" coupled with the claimant's "desire to proceed without counsel" safeguards the claimant's right to representation. *Wingert v. Bowen*, 894 F.2d 296, 298 (8th Cir. 1989).

Mr. Nelson was clearly advised of his right to representation both in writing and orally on several occasions. (*See* Tr. 9, 354, 357-360.) Notably, the SSA's letter to Mr. Nelson regarding the hearing contained a four-page pamphlet entitled "Your Right To Representation." (Tr. 357-360). This pamphlet detailed Mr. Nelson's right to representation and provided the contact

information of nine free legal services. (Tr. 359-360.) Moreover, at the outset of the hearing, the ALJ advised Mr. Nelson of his right to an attorney, and Mr. Nelson elected to proceed on his own. (Tr. 28.) Because Mr. Nelson was adequately advised of his right to representation and chose to proceed without it, no unfairness or prejudice resulted.

Mr. Nelson further contends that the ALJ "failed in his duty to carry out the perfunctory task of eliciting [his] testimony regarding [his] described limitations caused by impairments." (Doc. No. 12 at 8.) It is true that the ALJ had a duty to "fully and fairly develop the facts," and that duty is enhanced "when the claimant is not represented by counsel." *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981). And the ALJ executes this duty at the hearing stage by eliciting relevant facts from the complainant. *Phelan,* 846 F.2d at 848. But this is precisely what the ALJ did in the instant case. For each of Mr. Nelson's impairments, the ALJ asked him to describe any symptoms, procedures, treatment, diagnoses, or medications. (Tr. 31-48.) Plaintiff also described the duration of each impairment and whether he had seen improvement. (*Id*.) Furthermore, near the conclusion of the hearing, the ALJ gave Plaintiff the opportunity to add any additional information. (Tr. 47).

Plaintiff takes it one step further and seems to impose an additional duty on the ALJ. He states, "at a minimum, the ALJ was obligated to learn and consider how much time Mr. Nelson required to use a restroom, lie down, and nap in order to ascertain whether Mr. Nelson could sustain working." (Doc. No. 12 at 9.) But the law imposes no obligation on an ALJ to make such precise determinations so long as the ALJ properly elicits relevant facts from the complainant. Accordingly, I find no error here.

Mr. Nelson next argues that the ALJ failed to develop the record by not obtaining medical records regarding his left side weakness and chronic pancreatitis. (Doc. No. 12 at 5-7.) It is well

settled that the Plaintiff bears the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, Mr. Nelson bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Mr. Nelson failed to do so.

Regarding the left side weakness, Plaintiff had plenty of time and multiple opportunities to present medical records to the ALJ regarding this issue. On November 26, 2019, the SSA mailed Plaintiff a letter outlining the hearing process. (Tr. 353-355.) The letter advised Plaintiff that he had the burden to present evidence, raise issues, and "explain why [he] believe[s] the ALJ should decide the issues in [his] favor." (Tr. 354.) The letter advised that it was his responsibility to "inform [the SSA] about or submit all evidence known to [him] that relates to whether or not" he is disabled." (*Id.*) The SSA explicitly advised Mr. Nelson that it was *his* burden to gather evidence and prove his case, and even offered to assist him in obtaining evidence. (*Id.*) The hearing before the ALJ was on July 29, 2020 - eight months after Mr. Nelson received that letter. (Tr. 27.) At the hearing, Mr. Nelson discussed his left side weakness and stated he had been under Dr. Beadle's care for one year for that issue. (Tr. 44-46.) Although Mr. Nelson had eight months to obtain Dr. Beadle's medical records, he failed do so.

On request for review to the Appeals Council, Mr. Nelson's attorney submitted hundreds of additional pages of medical records to the Appeals Council from UAMS and the Arkansas Pain Center. (Tr. 67-292.) Interestingly, even with the assistance of counsel, Plaintiff still has not submitted the records from Dr. Beadle. This suggests that Dr. Beadle's records are of only minor importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

The ALJ was permitted to issue his decision without obtaining additional evidence as long as the record was sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Here, the record

contains ample medical evidence showing that Plaintiff has no serious neurological problems.  On several occasions, Dr. Stone noted "no tremors or shaking" and "no numbness or tingling of the upper or lower extremities" (Tr. 711, 720, 726.)  In May of 2019, Plaintiff denied experiencing "tremors" (Tr. 764.)  In October of 2019, Plaintiff denied weakness, numbness, or tingling (Tr. 1063.)  And in February of 2020, Plaintiff denied experiencing weakness or numbness.  (Tr. 823.)

Furthermore, the ALJ left the record open after the hearing and requested additional medical records from Baptist Health Arkansas and UAMS covering the period Mr. Nelson claimed he had been experiencing left side weakness.  (Tr. 777, 785.)  The ALJ also discussed Plaintiff's left side weakness at length at the hearing.  (Tr. 44-46.)

Regarding the chronic pancreatitis, Plaintiff argues the ALJ failed to consider this impairment altogether.  (Doc. No. 12 at 6.)  Although the ALJ did not explicitly discuss this issue, he thoroughly considered all of Plaintiff's gastrointestinal issues, including pancreatitis.  (Tr. 15.)  In his opinion, the ALJ referenced several procedures that Plaintiff underwent, including the "stents…in his pancreas…which have to be replaced every three months." (*Id*.)  When asked about his pancreatitis at the hearing, Plaintiff testified that the stent replacements "[help] relieve some of the pain."  (Tr. 38.)  The ALJ also reviewed Plaintiff's extensive medical records, which largely center around Plaintiff's gastrointestinal issues, including pancreatitis.  (*See* Tr. 989, 1050, 1056, 1217-1218, 1296.)  Accordingly, I find that the record contains ample medical evidence to support the ALJ's decision.   Plaintiff  says  the ALJ erred "by not seeking medical opinion evidence," such as a consultative examination, and this failure "means that the entirety of the RFC was formulated by the ALJ without any medical opinion, input, guidance, or expertise."  (Doc. No 12 at 7-8.)  I find this argument to be without merit, for in reaching his decision, the ALJ reviewed hundreds of pages of medical records, considered the testimony of the vocational expert, and

listened to Plaintiff's testimony.  (Tr. 14-18.)  " [T]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted).  The ALJ had sufficient medical evidence in this case to reach his decision.

Again, to prevail on a claim that the record is inadequately developed, plaintiffs must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs*, 243 Fed.Appx. 200 at 204.  Plaintiff has shown neither.  Accordingly, I find that the ALJ's RFC determination is supported by substantial evidence.

Plaintiff contends that the ALJ erroneously rejected his testimony regarding his subjective symptoms.  (Doc. No. 12 at 10-12.)  Specifically, Plaintiff complains that "the ALJ discredited [his] testimony in its entirety using a blanket fashion" and did so based upon "medical records and other evidence that [was] never set forth or explained by the ALJ." (Doc. No 12 at 11-12.)

However, I find that the ALJ properly analyzed Mr. Nelson's subjective symptoms in light of Social Security Ruling 16-3p.  (Tr. 14-17.)  That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) - recited in Plaintiff's brief - and states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;

> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Here, the ALJ assessed Mr. Nelson's subjective allegations of abdominal pain and loss of voice and concluded that the "medical records indicate that his severe physical impairments restrict him to light exertional work." (Tr. 16.)  The ALJ reached that conclusion by analyzing all five of the *Polaski* factors. (Tr. 15-17.)  For example, the ALJ analyzed Plaintiff's activities of daily living, for which Plaintiff "tends to his personal care without assistance, prepares meals daily, and performs household chores." (Tr. 16.)  Plaintiff also indicated he can walk "a couple miles" before needing rest and travels by walking or riding a bicycle. (Tr. 415-417.)  Although it is not necessary for a claimant to be completely bedridden or unable to perform any household chores to be considered disabled, Plaintiff's activities and statements do not support an allegation of total disability.  *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995) (daily caring for one child, driving when unable to find ride and sometimes going to grocery).

The ALJ's conclusion is supported by the objective medical evidence.  Mr. Nelson complains both of abdominal pain (Tr. 37-41, 46) and loss of voice (Tr. 31-34.)  After careful review of the entire record, I find the ALJ fairly evaluated Mr. Nelson's subjective symptoms.

Regarding Mr. Nelson's claims of abdominal pain and rectal bleeding, these issues are closely tied to the chronic pancreatitis issue discussed above.  Although I do not doubt that Mr. Nelson experiences abdominal pain and rectal bleeding, the objective medical records simply fail to support a claim this is a disabling impairment.  The ALJ referenced several procedures Mr. Nelson underwent regarding these issues, and the results of each were benign. (Tr. 15.)  Plaintiff

had an emergency room visit on December 19, 2018, for abdominal pain and was diagnosed with irritable bowel syndrome. (Tr. 476-482.) On March 14, 2019, he was diagnosed with gastroesophageal reflux disease. (Tr. 665.) Weeks later, he had a normal nuclear medicine biliary scan with hemorrhoid disease described as mild. (Tr. 681-683.) An August 2019 EGD revealed mild gastritis and no bleeding, and Plaintiff was told to continue taking his stomach medication. (Tr. 1469-1471.) At a May 2020 Premier Gastroenterology visit, Dr. McElreath noted "no obvious source for bleeding found" and instructed Plaintiff to return in three months. (Tr. 1457-1458.) Because I find the ALJ's conclusion is supported by the medical records, there is no basis to overturn the ALJ's subjective symptom evaluation.

As for Plaintiff's loss of voice claim, the degree of Mr. Nelson's alleged limitation is simply not supported by the overall record. Plaintiff testified that he experienced loss of voice in June of 2018 and "had no voice at all" for six or seven months thereafter. (Tr. 31-32.) Plaintiff saw Dr. Smith at Arkansas Ear Nose and Throat in December of 2018, within the time frame Plaintiff alleges a complete loss of voice. (Tr. 624-629.) However, Plaintiff's chief complaint was hoarseness and he told Dr. Smith that complete loss of voice "is not a recurrent problem; there has been only this one episode." (Tr. 624.) Additionally, the medical records consistently indicate that Plaintiff experienced mere hoarseness caused by "chronic reflux", not loss of voice. (*See* Tr. 768; 773, 775, 790, 861, 1140.)

The procedures Plaintiff underwent also support this conclusion. The results of a December 2018 and January 2019 laryngoscopy both revealed laryngitis. (Tr. 626, 629.) Plaintiff had a normal manometry in March of 2019. (Tr. 646.) Plaintiff was referred to speech therapy, but "never returned for treatment." (Tr. 609, 1141.) Most importantly, however, is Plaintiff's own testimony that smoking marijuana helped him get his voice back. (Tr. 34.) He testified that his

voice no longer goes "completely out" and he only experiences spasms from "time to time." (*Id*.) I have no doubt that Mr. Nelson experienced issues with his voice; however, there is substantial evidence to support the ALJ's conclusion regarding this issue.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Mr. Nelson clearly has limitations and reoccurring abdominal pain. However, being mindful of the highly deferential "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with illnesses, the treatment records fail to show marked limitation in his ability to perform work related activities at the light exertional level. And I am simply unable to find support in the record to merit reversal of the ALJ's decision in this case.

Plaintiff has advanced other arguments – including that the ALJ failed to articulate the basis of the RFC – which I find are without merit. (Doc. No. 12 at 13-16.) Plaintiff's counsel has done an admirable job advocating for him. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*,

82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). In this case, there is.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical evidence. Even though there is evidence to support Plaintiff's claims, the record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 31st day of October 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE